UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DAVID TODD MAYES, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 3:12-CV-20 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER OF DISMISSAL

Petitioner David Todd Mayes (TDCJ #636047) seeks habeas corpus relief under

28 U.S.C. § 2254, challenging a September 2011 disciplinary case. To supplement the

pleadings, the Court has obtained the official disciplinary records and all relevant

grievances from the State Attorney General's Office via a *Martinez* report. *See Martinez*

*v. Aaron*, 570 F.2d 317 (10th Cir. 1987).  Having reviewed the pleadings and disciplinary

records, this case will be dismissed for the reasons stated below.

On September 6, 2011, Mayes was charged with the disciplinary offense of

possessing a seven-inch sharpened metal rod intended to be used as a weapon to injure

another person.  At the disciplinary hearing on September 12, 2011, Mayes was found

guilty of the charge.  Punishment included a loss of 180 days good-time credit, a forty-

five day loss of commissary and recreation privileges, fifteen days of solitary

confinement, and a reprimand.  Mayes appealed the findings of the disciplinary

committee by filing Step 1 and Step 2 grievances.  The grievances were denied on the

ground that possession, as defined by TDCJ rules and regulations, is "having an item on

1

the person of an offender, in his cell, among his belongings or immediate living area, no matter who owns the item." (ECF No. 12 – Disciplinary Grievance Records). Mayes now presents his petition for federal writ of habeas corpus challenging the disciplinary conviction. He claims there was insufficient evidence to support a finding of guilt, that his request to call character witnesses was denied, and that his request to cross-examine Officer Okoroji, an alleged adverse witness, was denied.

State prisoners seeking federal court review of a conviction pursuant to 28 U.S.C. §2254 must assert a violation of a federal constitutional right. *Lawrence v. Lensing,* 42 F.3d 255, 258 (5th Cir. 1994); *Gray v. Lynn*, 6 F.3d 265, 268 (5th Cir. 1993). In the context of disciplinary proceedings, a prisoner's rights, if any, are governed by the Due Process Clause of the Fourteenth Amendment. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). Institutional rules violations implicate the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995). Liberty interests emanate from either the Due Process Clause or from state law. *See Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989). The Due Process Clause does not grant a constitutional right to conditional release before the expiration of a valid sentence. *See Greenholtz v. Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979). Likewise, the Due Process Clause does not guarantee an inmate good-time credit for satisfactory behavior while in prison. *Wolff*, 418 U.S. at 557; *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997).

In determining whether state law gives rise to a liberty interest, the Supreme Court has decided that only those state-created substantive interests that "inevitably affect the duration of [a prisoner's] sentence" may qualify for constitutional protection under the Due Process Clause.  *Sandin*, 515 U.S. at 487; *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059 (1996).  In Texas, it is well established that only those inmates who are eligible for mandatory supervision have a constitutional expectancy of early release under the Texas mandatory supervision scheme and a protected liberty interest in the good-time credits that they have earned.  *Malchi v. Thaler*, 211 F.3d 953, 956 (5th Cir. 2000); *see also Teague v. Quarterman*, 482 F.3d 769 (5th Cir. 2007).

The sanctions imposed on Mayes do not implicate his constitutional rights.  A temporary loss of commissary and recreation privileges and a brief period of solitary confinement do not pose atypical or significant hardships beyond the ordinary incidents of prison life.  These are merely minimal and temporary changes in conditions of confinement and do not, therefore, implicate the protections afforded by the Due Process Clause. *See Madison,* 104 F.3d at 767-68.

A loss of good-time days, however, which may be used to determine a prisoner's eligibility for early release from prison, does constitute a potential challenge to the fact and duration of confinement and is properly considered in a habeas attack.  *See* TEX.CODE. CRIM.P.ANN.art. 42.18 §8 (Vernon 1996); *Cook v. Texas Dept. of Criminal Justice Transitional Planning Dept*. 37 F.3d 166, 168 (5th Cir. 1994). When a state creates a right to time credit for good conduct and recognizes that its revocation is an

3

authorized sanction for misconduct, "a prisoner's interest therein is embraced within the Fourteenth Amendment 'liberty' concerns so as to entitle him to those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that this state-created right is not arbitrarily abrogated." *Madison,* 104 F.3d at 768 (citing *Wolff*, 418 U.S. at 557).  It appears that Mayes is eligible for mandatory supervision and, therefore, has a protected liberty interest in his previously earned good-time credits.  *See Teague*, 482 F.3d at 775-76.  To this extent, the revocation of those credits must comply with the minimum procedural protection required under the circumstances.  *See Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 454 (1985); *Henson v. United States Bureau of Prisons,* 213 F.3d 897, 898 (5th Cir. 2000).

It is well-settled that prison disciplinary proceedings do not form part of a criminal prosecution and, therefore, "the full panoply of rights due a defendant in such proceedings" does not apply.  *Wolff,* 418 U.S. at 564-65.  In *Wolff,* the Supreme Court set out the minimum standards for due process in disciplinary cases which result in the loss of good-time credits. They include: (1) advanced written notice of the disciplinary charges; (2) an opportunity to call witnesses and present documentary evidence when the presentation is not unduly hazardous to institutional safety and correctional goals; and, (3) a written statement by the fact finder of the evidence relied upon and the reason for the disciplinary action. *Id.,* at 563-567.

The Court has reviewed all records pertaining to disciplinary case #20120007739. The records confirm that Mayes was afforded ample notice of the charges against him,

along with an opportunity to appear and present a defense at the hearing.  He was also provided a written statement of the evidence relied upon and the reason for the disciplinary action.  Accordingly, Mayes fails to demonstrate that he was denied the minimum level of procedural due process as dictated by the Supreme Court in *Wolff*, 418 U.S. at 563-67.

Mayes also asserts there was insufficient evidence to support the charge and verdict.  Specifically, he alleges that the shank found taped under his bunk behind the locker box in his cell (E-1-52) was placed there by somebody else.  The charging officer, R. Diaz, testified at the disciplinary hearing and stated in the Offense Report (ECF No. 12) that he searched Mayes's cell after being informed that the offender in cell E-1-52 had been seen the day before with a weapon of some sort.  In rebuttal, Mayes argues that the weapon was not his and had been placed in his cell by someone else.

Federal habeas review of the sufficiency of the evidence to support a disciplinary conviction is extremely limited.  Due process requires only "some evidence" to support the findings made in the disciplinary hearing.  *Hill*, 472 U.S. at 457; *Broussard v. Johnson*, 253 F.3d 874, 876-77 (5th Cir. 2001).  It is well settled that "federal courts cannot retry every prison disciplinary dispute; rather, the court may act only where arbitrary or capricious action is shown." *Reeves v. Pettcox*, 19 F.3d 1060, 1062 (5th Cir. 1994).  In other words, when reviewing a prison disciplinary decision, "the standard to be applied is whether or not the actions of the disciplinary committee were arbitrary and capricious or an abuse of discretion."  *Smith v. Rabalais*, 659 F.2d 539, 543 (5th Cir. 1981), *cert. denied*, 455 U.S. 992 (1982); *see also, Banuelos v. McFarland,* 41 F.3d 232,

234 (5th Cir. 1995).  "[T]he requirements of due process are satisfied if some evidence supports the decision of the prison disciplinary board to revoke good time credits." *Hill,* 472 U.S. at 455.  As noted by the Supreme Court, ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.  In other words, if there is "any evidence at all" that supports the action taken by prison officials, the decision must be upheld on federal habeas review. *See Banuelos*, 41 F.3d at 234; *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir. 1986).  "The goal of this standard - variously a 'modicum of evidence,' 'any evidence,' or 'some evidence' - is to balance the need to prevent arbitrary deprivation of protected liberty interests with the need to acknowledge institutional interests and avoid administrative burdens."  *Hudson v. Johnson*, 242 F.3d 534, 536 (5th Cir. 2001).  Thus, federal habeas corpus courts "do not assess the weight of the evidence" when reviewing prison disciplinary proceedings, and need only examine whether the guilty finding has the "support of 'some facts' or 'any evidence at all.'" *Hudson,* 242 F.3d at 537.

Mayes's finding of guilt was based on the charging officer's offense report and testimony.  For purposes of this Court's narrow sufficiency review, the testimony and offense report constitute "some evidence" supporting the disciplinary conviction.

Mayes's complaint that he was not allowed to question Officer S. Okoroii in violation of his right to due process is without merit.  Officer Okoroii stated at the disciplinary hearing that he had no knowledge of a weapon being found in Mayes's cell;

therefore, there was no reason for Mayes to impeach him.  The record shows that Mayes was afforded due process at the hearing and that there was sufficient evidence to support the outcome.

After a careful review of the record, the Court concludes that the Mayes has failed to demonstrate that he is entitled to federal habeas relief and that the petition for writ of habeas corpus should be dismissed.

## CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. §2253, a petitioner must obtain a certificate of appealability before he can appeal the district court's decision to dismiss his petition. This Court will grant a certificate of appealability only if the petitioner makes a "substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   In order to make a substantial showing, a petitioner must demonstrate that issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further.  *Lucas v. Johnson*, 132 F.3d 1069, 1073 (5th Cir. 1998).  For the reasons stated in this Memorandum and Order, Mayes has not made a substantial showing of the denial of a constitutional right.  *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996).  The Court will deny the issuance of a Certificate of Appealability.

The Court **ORDERS** the following:

1.     The petition for writ of habeas corpus  is **DISMISSED** with prejudice.

2.     A Certificate of Appealability is **DENIED.**

3.     All pending motions, if any, are **DENIED.**

SIGNED this 20th day of December, 2012.

_____
Gregg Costa
United States District Judge